# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. PEREZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOHNSON, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00348-EPG (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS BARRED BY RES JUDICATA DUE TO A PRIOR SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE<br><br>(ECF No. 1) |

　　　　Marco Perez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On March 12, 2018, Plaintiff filed the complaint commencing this action. (ECF No. 1). Plaintiff alleges that he was not given medical attention after getting pepper sprayed in March of 2008.

　　　　The Court has reviewed E.D. CA, Case Number 1:11-cv-01820. Plaintiff asserted similar claims in that case, including claims against Defendants Johnson and Moss for failure to provide adequate medical care. That case resulted in a settlement agreement, which included dismissal with prejudice of claims against Defendants Johnson and Moss (1:11-cv-01820, ECF Nos. 79 & 80), as well as other related defendants.

　　　　It appears from this Court's review of the two cases that Plaintiff's complaint filed in March 2018 in this case asserts substantially similar claims as Plaintiff's complaint in Case No. 1:11-cv-01820. Those claims were already litigated and dismissed with prejudice following a

1

settlement agreement.

Plaintiff is thus ordered to show cause why Plaintiff's complaint in this case should not be dismissed as barred by *res judicata*. Plaintiff must file a response within 30 days. If Plaintiff fails to file a response, this Court will recommend that Plaintiff's case be dismissed.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 9), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

*pro se* complaints should continue to be liberally construed after Iqbal).

**II.    SUMMARY OF PLAINTIFF'S COMPLAINT**

On March 15, 2008, Plaintiff attended the exercise yard at California State Prison, Corcoran. Staff refused to remove Plaintiff from the yard unless he submitted to a public strip search.

At approximately 5:30 a.m. on March 16, 2008, Plaintiff was subjected to unnecessary and excessive force when Defendants R. Hubach, LaTraille, and Taber repeatedly pepper sprayed Plaintiff all over his entire body.

After being pepper sprayed, Plaintiff was never properly decontaminated by the above defendants and medical staff. Specifically, LVN Moss and Johnson never gave Plaintiff any pain medication or medical care. They also never cleaned or wiped Plaintiff's wounds.

Plaintiff notes that "this action is coming from a settlement agreement in case No. 1:11-cv-01820 BAM (PC)."

**III.   SUMMARY OF CASE 1:11-CV-01820**

Plaintiff filed a complaint in 1:11-cv-01820 on November 1, 2011. According to Plaintiff's First Amended Complaint in that case (ECF No. 30), Plaintiff challenged the policy of unclothed body inspections in the beginning of 2008. On March 15, 2008, Plaintiff attended the exercise yard. During yard recall, unit staff refused to remove Plaintiff from the yard unless he complied with a public strip search in front of female staff. Plaintiff refused and was left outside in cold weather until about 5:30 a.m. the next day, at which time Plaintiff was subjected to unnecessary and excessive force when Defendants R. Hubach, LaTraille, and Taber repeatedly pepper sprayed Plaintiff. After being pepper-sprayed, Plaintiff was not properly decontaminated by the above-named defendants or by medical staff (Johnson, Lopez, and Moss). No pain medication or medical care was given to Plaintiff to ease his pain.

This case reached a settlement after a settlement conference. On April 6, 2017, Defendants Johnson and Moss were dismissed with prejudice. (ECF No. 79). On April 10, 2017, Defendants Byrum, Hubach, LaTraille, Pimentel, and Taber were also dismissed with prejudice. (ECF No. 81).

## IV. ANALYSIS

The doctrine of *res judicata*, also known as claim preclusion, provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action…." Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005) (quoting In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997)). Three elements are necessary to establish *res judicata*: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Id. at 1052.

When parties enter into a settlement agreement and claims are dismissed with prejudice, a Plaintiff cannot bring another complaint against those defendants for those claims. See International Union of Operating Engineers-Employers Const. Industry Pension, Welfare and Training Trust Funds v. Karr, 994 F.2d 1426, 1429 (9th Cir. 1993) ("After the parties entered into a settlement agreement, the district court dismissed the entire action with prejudice. The dismissal of the action with prejudice constitutes a final judgment on the merits, and prevents the Trusts from reasserting the same claim in a subsequent action against AUC.").

It appears that the claims Plaintiff is asserting in this case were already resolved in Case No. 1:11-cv-01820, after litigation, settlement, and ultimately dismissal with prejudice. Plaintiff cannot raise claims in this case that have already been settled and dismissed with prejudice.[1]

## V. CONCLUSION AND ORDER TO SHOW CAUSE

It appears that the claims in this case are barred by *res judicata* because the claims have already been asserted against these defendants in Case No. 1:11-cv-01820, which resulted in a settlement agreement and dismissal of Defendants with prejudice.

Accordingly, IT IS ORDERED THAT Plaintiff has thirty days from the date of this order to show cause why this case should not be dismissed as barred by *res judicata*.

\\\

---

[1] Plaintiff's claims may also be barred by the statute of limitations, among other grounds. To the extent Plaintiff shows cause why this case should not be dismissed on the basis of *res judicata*, the Court will evaluate these other grounds.

If Plaintiff fails to file a response, this Court will recommend to an assigned district judge that Plaintiff's case be dismissed.

IT IS SO ORDERED.

Dated: **August 28, 2018**   /s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE