UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. PEREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHNSON, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00348-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S CASE BE DISMISSED AS BARRED BY RES JUDICATA DUE TO A PRIOR SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE<br><br>(ECF NOS. 1 & 10)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

      Marco Perez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On March 12, 2018, Plaintiff filed the complaint commencing this action. (ECF No. 1). Plaintiff alleges that he was not given medical attention after getting pepper sprayed in March of 2008.

      In addition to reviewing the complaint in this case, the Court reviewed Case Number 1:11-cv-01820 also filed in the Eastern District of California. Plaintiff asserted similar claims in that case, including claims against Defendants Johnson and Moss for failure to provide adequate medical care. That case resulted in a settlement agreement, which included dismissal

with prejudice of claims against Defendants Johnson and Moss (1:11-cv-01820, ECF Nos. 79 & 80), as well as other related defendants (1:11-cv-01820, ECF Nos. 81, & 82).

As it appears that Plaintiff's complaint filed in March 2018 in this case asserts substantially similar claims as Plaintiff's complaint in Case No. 1:11-cv-01820, and that the claims have been litigated and dismissed with prejudice following a settlement agreement, the Court ordered Plaintiff to show cause why Plaintiff's complaint in this case should not be dismissed as barred by the doctrine of *res judicata*. (ECF No. 10). The Court warned Plaintiff that if he did not file a response the Court would recommend that his case be dismissed. (Id. at 5). The deadline for Plaintiff to file a response has passed, and Plaintiff has not filed a response.

For the reasons described below, the Court will recommend that Plaintiff's case be dismissed as barred by *res judicata*.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 9), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT IN THIS CASE

On March 15, 2008, Plaintiff attended the exercise yard at California State Prison, Corcoran. Staff refused to remove Plaintiff from the yard unless he submitted to a public strip search.

At approximately 5:30 a.m. on March 16, 2008, Plaintiff was subjected to unnecessary and excessive force when Defendants R. Hubach, LaTraille, and Taber repeatedly pepper sprayed Plaintiff all over his entire body.[1]

After being pepper sprayed, Plaintiff was never properly decontaminated by the above defendants and medical staff. Specifically, neither LVN Moss nor Johnson gave Plaintiff any pain medication or medical care. They also never cleaned or wiped Plaintiff's wounds.

Later that day, Plaintiff stopped Defendants LVN John Doe and Correctional Officer Pineda and pointed out the "redden and burning all over his body." Both Defendant LVN John Doe and Defendant Pineda walked away without providing any care (although Defendant LVN John Doe yelled back "use watter" [sic]).

Plaintiff notes that "this action is coming from a settlement agreement in case No. 1:11-cv-01820 BAM (PC)."

///

---

[1] While Plaintiff refers to these three as defendants in the "facts" section of his complaint, Plaintiff does not list them as defendants in the "parties" section.

**III.    SUMMARY OF PLAINTIFF'S COMPLAINT IN THE EARLIER CASE**

Plaintiff filed a complaint in 1:11-cv-01820 on November 1, 2011. According to Plaintiff's First Amended Complaint in that case (ECF No. 30), Plaintiff challenged the policy of unclothed body inspections in the beginning of 2008. On March 15, 2008, Plaintiff attended the exercise yard. During yard recall, unit staff refused to remove Plaintiff from the yard unless he complied with a public strip search in front of female staff. Plaintiff refused and was left outside in cold weather until about 5:30 a.m. the next day, at which time Plaintiff was subjected to unnecessary and excessive force when Defendants R. Hubach, LaTraille, and Taber repeatedly pepper sprayed Plaintiff. After being pepper-sprayed, Plaintiff was not properly decontaminated by the above-named defendants or by medical staff (Johnson, Lopez, and Moss). No pain medication or medical care was given to Plaintiff to ease his pain.

Later that day, Plaintiff stopped Defendant Pineda and Defendant RN John Doe and asked them for pain medication for the burning on his skin, but they kept walking and "yelled back to use water."

This case reached a settlement after a settlement conference. (ECF No. 76). On April 7, 2017, Defendants Johnson and Moss were dismissed with prejudice. (ECF Nos. 79 & 80). On April 11, 2017, the Court approved Plaintiff's stipulation with Defendants Byrum, Hubach, LaTraille, Pimentel, and Taber to dismiss this action with prejudice, and the case was closed. (ECF Nos. 81 & 82).

**IV.    ANALYSIS**

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.' Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim. By preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation

attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (alterations in original) (footnote omitted) (citations and internal quotation marks omitted).

"The elements necessary to establish [claim preclusion] are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[T]he doctrine of *res judicata* (or claim preclusion) 'bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action.'" Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980).

The dismissal of a case with prejudice after a settlement constitutes a final judgment on the merits, and a plaintiff cannot bring another complaint against the defendants on those same claims. See International Union of Operating Engineers-Employers Const. Industry Pension, Welfare and Training Trust Funds v. Karr, 994 F.2d 1426, 1429 (9th Cir. 1993) ("After the parties entered into a settlement agreement, the district court dismissed the entire action with prejudice. The dismissal of the action with prejudice constitutes a final judgment on the merits, and prevents the Trusts from reasserting the same claim in a subsequent action against AUC.").

The claims Plaintiff is asserting in this case were asserted in Case 1:11-cv-01820. After litigation and a settlement conference, Case 1:11-cv-01820 settled and was dismissed with prejudice. Accordingly, the doctrine of *res judicata* bars Plaintiff from relitigating these claims. The Court notes that it gave Plaintiff an opportunity to explain why he filed what appears to be an identical case to the one that had already settled, but Plaintiff failed to respond. Thus, the Court will recommend that this case be dismissed as barred by *res judicata*.

## V.     CONCLUSION AND RECOMMENDATIONS

Because Plaintiff is attempting to assert claims that have already been litigated and resolved, IT IS HEREBY RECOMMENDED that this case be dismissed as barred by the

doctrine of *res judicata*, and that the Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **November 26, 2018**             /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE